# EXHIBIT B

# Complaint to Trans Union, LLC

STATE OF MICHIGAN
IN THE 48TH DISTRICT COURT

TOM BEGRES,
    Plaintiff,
v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation,
TRANS UNION, LLC,
a Delaware limited liability company, and
BARCLAYS BANK DELAWARE,
a Delaware company,
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, TOM BEGRES, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN,** and for his Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in city of Birmingham, Oakland County, Michigan.

2. Venue is proper in 48th District Court in Oakland County, Michigan as the actions and occurrences recited herein occurred in Birmingham, in Oakland County, Michigan.

1


RECEIVED MAR 24 2017 48TH DISTRICT COURT

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Oakland County, Michigan;

    b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan; and

    c. Barclays Bank Delaware ("Barclays"), which is a Delaware company that maintains a registered agent in New Castle County, Delaware.

## GENERAL ALLEGATIONS

5. In August 2016, Barclays stopped sending Mr. Begres bills, changed his address in their system to his attorney's address and changed his phone number in their system to his attorney's phone number. Also, in August 2016, Mr. Begres was deployed to California as a firefighter.

6. In December 2016, Mr. Begres returned from California.

7. On or about December 22, 2016, Mr. Begres obtained his credit files and noticed that Barclays reported its trade line with account ending in 9991 ("Errant Trade Line") with false late payments in September and November 2016. It also reported an inaccurate status of "60 days past due" and a past due amount of $215.00.

8. Shortly thereafter, he called Barclays and disputed the false late payments.

2



RECEIVED
MAR 24 2017
48TH DISTRICT COURT

9. On or about December 30, 2016, Mr. Begres sent letters to Experian and Trans Union disputing the inaccurate late payments in September and November 2016, the inaccurate past due amount of $215.00 and the inaccurate status of, "60 days past due" on the Errant Trade Line. In these dispute letters, he stated that Barclays changed his information in the system. He requested that the inaccurate late payments, past due balance and status of "60 days past due" be removed. He also requested that this trade line be reported as a positive trade line.

10. Upon information and belief, Experian and Trans Union forwarded Mr. Begres' consumer dispute to Barclays.

11. On or about January 18, 2017, Mr. Begres received Experian's investigation results. This showed that Barclays retained the late payments in September and November 2016 and it reported a late payment in December 2016. This also showed that Barclays continued to report its trade line as an adverse trade line.

12. On or about January 20, 2017, Mr. Begres received Trans Union's investigation results. This showed that Barclays retained the late payments in September and November 2016 and it reported a late payment in December 2016. This also showed that Barclays retained language which stated, "Maximum Delinquency of 60 days in December 2016" and it continued to report its trade line as an adverse trade line.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue

RECEIVED
MAR 24 2017
48TH DISTRICT COURT

stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Experian and Trans Union of Mr. Begres' consumer dispute of the late payments of the Errant Trade Line, Barclays negligently failed to conduct a proper investigation of Mr. Begres' dispute as required by 15 USC 1681s-2(b).

16. Barclays negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Trans Union to remove the late payments from the Errant Trade Line and report the Errant Trade Line as a positive trade line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Begres' consumer credit file with Experian and Trans Union to which it is reporting such trade line.

18. As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Mr. Begres has suffered damages, mental anguish, suffering, humiliation and embarrassment.

4


RECEIVED
MAR 24 2017
48TH DISTRICT COURT

19. Barclays is liable to Mr. Begres by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Begres has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Barclays for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian and Trans Union that Mr. Begres disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Mr. Begres' dispute.

23. Barclays willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Barclays's willful failure to perform its respective duties under the FCRA, Mr. Begres has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Barclays is liable to Mr. Begres for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the

5


RECEIVED MAR 24 2017 48TH DISTRICT COURT

trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Begres as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Begres that was false, misleading and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Begres, in violation of 15 USC 1681e(b).

30. After receiving Mr. Begres's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

6



RECEIVED MAR 24 2017 48TH DISTRICT COURT

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Begres has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

32. Experian is liable to Mr. Begres by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Begres as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Begres that was false, misleading and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Begres, in violation of 15 USC 1681e(b).



RECEIVED
MAR 24 2017
48TH DISTRICT COURT

37. After receiving Mr. Begres' consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Begres has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Experian is liable to Mr. Begres by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Begres as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. Begres that was false, misleading and inaccurate.

8


RECEIVED
MAR 24 2017
48TH DISTRICT COURT

43. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Begres, in violation of 15 USC 1681e(b).

44. After receiving Mr. Begres' consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Begres has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

46. Trans Union is liable to Mr. Begres by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Begres as that term is defined in 15 USC 1681a.

9



RECEIVED
MAR 24 2017
48TH DISTRICT COURT

49. Such reports contained information about Mr. Begres that was false, misleading and inaccurate.

50. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Begres, in violation of 15 USC 1681e(b).

51. After receiving Mr. Begres' consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Begres has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

53. Trans Union is liable to Mr. Begres by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.



RECEIVED MAR 24 2017 48TH DISTRICT COURT

                              Respectfully submitted,

March 21, 2017

                              */s/ Gary D. Nitzkin w/permission*
                              GARY D. NITZKIN (P41155)
                              TRAVIS SHACKELFORD (P68710)
                              CREDIT REPAIR LAWYERS OF AMERICA
                              Attorneys for Plaintiff
                              22142 West Nine Mile Road
                              Southfield, MI 48033
                              (248) 353-2882
                              Fax (248) 353-4840
                              Email – gary@crlam.com

RECEIVED
MAR 24 2017
48TH DISTRICT COURT



**NITZKIN & ASSOCIATES**
22142 WEST NINE MILE ROAD
SOUTHFIELD, MI 48033

7012 1640 0000 0674 0224

Trans Union, LLC
RA: The Prentice-Hall Corporation System
601 Abbot Road
East Lansing MI 48823